**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

Walter Peoples,                         Case No. 3:14-CV-01804

         Plaintiff,

v.                                       ORDER

City of Lima, et al.,

         Defendants.

This is a 42 U.S.C. § 1983 civil rights case in which plaintiff Walter Peoples claims City of Lima Officers Nicholas Hart, Jason Garlock, Randall Kohli, and Timothy Radar used excessive force while arresting him.

Defendants move, pursuant to Fed. R. Civ. Proc. 12(c), for judgment on the pleadings. (Doc. 22). For the following reasons, I grant defendants' motion in part and deny it in part.

## BACKGROUND

On August 21, 2012, plaintiff was driving in Lima, Ohio, when City of Lima police Officers Hart and Garlock began following him in their cruiser. Plaintiff pulled over, parked, and walked away from his car.

Officers Hart and Garlock approached plaintiff's car and peered in the windows. Not seeing anyone inside, Officer Hart radioed Officers Kohli and Rader for assistance in apprehending a "fleeing suspect." Officer Garlock exited the cruiser and ran after plaintiff.

Officer Hart stayed in the cruiser until he caught sight of plaintiff entering a vacant lot, then joined in the pursuit with his police K-9 "Bailey."

Officers Kohli and Rader arrived last, pulling their cruiser into the vacant lot and stopping directly in front of plaintiff.

Officer Kohli ordered plaintiff to lie face down on the ground. Once plaintiff was down, Officer Kohli knelt on his back and handcuffed his wrists. Officer Rader pinned plaintiff's left arm and shoulder to the ground.

The complaint alleges that, after Officer Kohli handcuffed plaintiff, he "intentionally used" Bailey to attack plaintiff. (Am. Complaint at 19). Bailey latched on to plaintiff's right calf and sunk his teeth into his leg.

After the incident, the officers transported plaintiff to the hospital for treatment. Plaintiff suffers nerve damage to his right leg as a result of the attack.

Plaintiff was ultimately charged with, and pled no contest to, resisting arrest, obstructing official business, driving under suspension, and failure to wear a seat belt.

On August 15, 2014, plaintiff timely filed this action against Officers Hart, Garlock, Rader, Kohli, and the City of Lima. Plaintiff subsequently filed, with leave, a second amended complaint on October 3, 2014.

## STANDARD OF REVIEW

I review a Rule 12(c) motion for judgment on the pleadings on the same *de novo* standard applicable to a Rule 12(b)(6) motion to dismiss. *Tucker v. Middleburg-Legacy Place*, 539 F.3d 545, 549 (6th Cir.2008) (citing *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir.2008)). Plaintiffs must allege sufficient factual matter, taken as true, to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A motion brought pursuant to 12(c) is appropriately granted 'when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law.'" *Tucker*, *supra*, 526 F.3d at 549 (citing *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir.2007)).

## DISCUSSION

Plaintiff alleges several constitutional and state law claims against Officers Hart, Garlock, Rader, Kohli, and the City of Lima. In claims one through four , plaintiff brings a § 1983 action against Officers Hart, Garlock, Rader, and Kohli for using excessive force in violation of plaintiff's Fourth and Fourteenth Amendment rights.

Plaintiff's fifth cause of action is a § 1983 municipal liability claim against the City of Lima. In his sixth claim, plaintiff asserts state law claims for negligence, assault, and battery.

### 1. Excessive Force

Section 1983 authorizes "a cause of action for deprivation under color of state law, of any rights, privileges or immunities secured by the Constitution or laws of the United States." *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940-41 (6th Cir.2010). The doctrine of qualified immunity, however, "shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir.2011). The plaintiff bears the burden of proving the defendants are not entitled to qualified immunity. *Stoudemire v. Michigan Dep't. of Corr.*, 705 F.3d 560, 568 (6th Cir.2013) (citing *Rich v. City of Mayfield Heights*, 955 F.2d 1092, 1095 (6th Cir.1992)).

To determine if qualified immunity applies, I engage in a two-step inquiry, deciding: 1) whether, viewing the facts in the light most favorable to the plaintiff, a constitutional right has been violated; and, if so, 2) whether that right was clearly established. *Campbell v. City of Springboro, Ohio*, 700 F.3d 779, 786 (6th Cir.2012) (citing Saucier v. Katz, 533 U.S. 194, 201 (2001)).

Although plaintiff alleges violations of both the Fourth and Fourteenth Amendments, only the Fourth Amendment applies to plaintiff's claim. *Lanman v. Hinson*, 529 F.3d 673, 680 (6th

Cir.2008) (citing *Graham v. Connor*, 490 U.S. 386, 395 (1989)) (Where "the plaintiff was a free person, and the use of force occurred in the course of an arrest or other seizure, then the plaintiff's claim arises under the Fourth Amendment and its reasonableness standard.").

Under the Fourth Amendment's objective reasonableness test, in deciding whether officers used excessive force, a court weighs all the circumstances, including "(1) the severity of the crime at issue, (2) whether the suspect poses an immediate threat to the safety of the officers or others, and (3) whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Campbell, supra*, 700 F.3d at 786-87 (citing *Bennett v. Krakowski*, 671 F.3d 553, 561 (6th Cir.2011)).

If a jury could find that officials violated plaintiff's constitutional rights, I then determine whether those rights were clearly established. *Greene v. Barber*, 310 F.3d 889, 894 (6th Cir.2002). "To satisfy the second prong of the standard, a plaintiff must show that the right was clearly established in a particularized sense, such that a reasonable officer confronted with the same situation would have known that the alleged actions would result in the violation of a constitutional right." *Chappell v. City of Cleveland*, 585 F.3d 901, 907 (6th Cir. 2009).

In the Sixth Circuit individuals posing no safety risk to the police have a right "to be free from gratuitous violence during arrest." *Shreve v. Jessamine Cnty. Fiscal Court*, 453 F.3d 681, 688 (6th Cir.2006); *see also Phelps v. Coy*, 286 F.3d 295, 301 (6th Cir.2002). Once a suspect has been subdued, continued use of force is unconstitutional. *Shreve, supra*, 453 F.3d at 688 (citing *Phelps, supra*, 286 F.3d at 302; *Adams v. Metiva*, 31 F.3d 375, 389 (6th Cir.1994)); *McDowell v. Rogers*, 863 F.2d 1302, 1307 (6th Cir.1988) (holding that there is no need to use force when a detainee is handcuffed, non-threatening, and not trying to flee).

### A. Officer Kohli

Plaintiff successfully states a claim, at least at the pleadings stage, against Officer Kohli for excessive force. It is objectively unreasonable under the Fourth Amendment, and clearly established in this Circuit, that officers cannot continue using force against an individual after they have already brought him under control. As stated in the complaint, Officer Kohli ordered plaintiff to the ground, knelt on his back, and handcuffed him. The complaint also alleges Officer Kohli intentionally caused Bailey to attack the plaintiff. Any reasonable officer in the same situation would understand that he could not order a police K-9 to attack a detained, fully subdued, non-threatening individual.

Defendants counter that plaintiff's excessive force claim still fails because 1) plaintiff was convicted of resisting arrest, and 2) plaintiff admitted in the pleadings that the officers attempted to verbally control Bailey. Defendants' arguments lack merit.

### 1) Heck Defense

The Supreme Court established in *Heck v. Humphrey*, 512 U.S. 477 (1994), that a plaintiff cannot maintain a § 1983 civil action if the claim implies the invalidity of a prior state court conviction. Under Ohio law, a conviction for resisting arrest requires that the arrest be lawful, and a finding that the officer used excessive force would negate the lawfulness of the arrest. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 609 (6th Cir. 2014) (citing O.R.C. § 2921.33).

The decision in *Heck* does not *ipso facto* "bar § 1983 suits alleging post-arrest excessive force" because such a claim does not imply the invalidity of the resisting arrest charge. *Id.* at 611. Instead, "a court must carefully examine the facts and the temporal sequence of the underlying offense and the alleged unconstitutional conduct to determine whether 'the alleged excessive force is used after the suspect ceases resisting arrest.'" *Id.* at 612 (citing *Michael v. City of Vermillion*, 539 F.Supp.2d 975, 992 (N.D. Ohio 2008)).

Contrary to defendants' assertions, plaintiff's excessive force claim against Officer Kohli survives *Heck*. Plaintiff claims Officer Kohli intentionally used Bailey to attack him only after he had been placed on the ground and handcuffed. As a result, plaintiff is alleging post-arrest excessive force and his claim does not seek to invalidate his resisting arrest conviction.

### 2) Admissions Defense

Defendants also contend plaintiff's excessive force claim fails because he admitted, in his original complaint, that the officers did not order Bailey to attack plaintiff. *Pennsylvania R. Co. v. City of Girard*, 210 F.2d 437, 440-41 (6th Cir. 1954) (pleadings that are "withdrawn or superseded by amended pleadings are admissions against the pleader in the action in which they were filed."). In his original complaint, plaintiff states Officer Hart attempted to verbally control Bailey prior to Bailey's attack. (Complaint at  22).

That admission, however, is only applicable to Officer Hart's conduct during the arrest-- not Officer Kohli's. In his original complaint, plaintiff is vague about Officer Kohli's conduct immediately prior to Bailey's attack. He explains that Officer Kohli was holding plaintiff down and that Bailey was "assisting" Officer Kohli in the arrest. (Complaint at  23). The original complaint says nothing about Officer Kholi's direct interaction with Bailey.

The amended complaint does. In it, plaintiff clarifies that Officer Kohli "intentionally used" Bailey to attack after he had handcuffed plaintiff. (Am. Complaint at  19). The original complaint, therefore, does not contain any admissions that are fatal to plaintiff's excessive force claim against Officer Kohli.

Accordingly, I deny plaintiff's motion for judgment on the pleadings as to Plaintiff's excessive force claim against Officer Kohli.

### B. Officers Hart, Rader, and Garlock

The complaint does not allege facts supporting the conclusion that Officers Garlock, Rader, or Hart violated plaintiff's Fourth Amendment rights by using excessive force during plaintiff's arrest.

Plaintiff's claim against Officer Garlock fails at the outset because Officer Garlock never used any force against plaintiff, let alone excessive force. Officer Garlock's role was limited to pursuing plaintiff on foot into the vacant lot.

Officer Rader, on the other hand, did physically restrain plaintiff: he held plaintiff's left arm and shoulder on the ground while Officer Kohli applied handcuffs. But that, standing alone, does not amount to a constitutional violation. Having been informed that plaintiff was a "fleeing suspect" and confronted with the need to detain him, Officer Rader applied a reasonable amount of force to help a fellow officer place plaintiff in handcuffs.  Officer Rader was also not responsible for controlling Bailey, nor could he have foreseen that another officer would order Bailey to attack after he had subdued the plaintiff.

Officer Hart made the decision to bring Bailey to track plaintiff. The complaint states, however, that once Officer Hart arrived on the scene, Officer Kohli, not Officer Hart, intentionally used Bailey to attack. Officer Hart even attempted to verbally control Bailey during the confrontation. Although Officer Hart may have been negligent in handling Bailey up until Officer Kohli's alleged attack order, the facts do not suggest, nor will I otherwise assume, that Officer Hart knew a fellow officer would use Bailey gratuitously after subduing plaintiff. Plaintiff's claim against Officer Hart thus fails because Officer Hart did not personally use any force against plaintiff and he was not responsible for Bailey's attack.

Accordingly, I dismiss plaintiff's § 1983 claims against Officers Garlock, Rader, and Hart.

### 2. *Monell* Municipal Liability Claim

Under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), § 1983 plaintiffs can recover damages against a governmental entity if they show "that the alleged federal violation occurred because of a municipal policy or custom." *Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013) (citing *Monell*, 436 U.S. at 694 ).

> A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom of tolerance or acquiescence of federal rights violations.

*Id*. (citing *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005)).

Plaintiffs, therefore, cannot sue municipalities "under § 1983 for an injury inflicted solely by its employees or agents." *Monell, supra*, 436 U.S. at 694.

At issue is whether the City of Lima had a policy of inadequate training and supervision that led to the alleged Fourth Amendment violation. Absent written evidence of the policy, plaintiffs can show the city had a custom of such practices by providing "proof of the knowledge of policymaking officials and their acquiescence in the established practice." *Memphis, Tenn. Area Local, Am. Postal Workers Union v. City of Memphis*, 361 F.3d 898, 902 (6th Cir.2004). The custom "must encompass '[d]eeply embedded traditional ways of carrying out [governmental] policy,'" *Doe v. Claiborne Cnty., Tenn.*, 103 F.3d 495, 507 (6th Cir.1997) (quoting *Nashville Chattanooga & St. Louis Ry. Co. v. Browning*, 310 U.S. 362, 369 (1940)). Where, as here, a plaintiff cannot point to a written or other formally adopted policy, he must show "prior instances of unconstitutional conduct demonstrating that the [city] has ignored a history of abuse and was clearly on notice that the training in this

particular area was deficient and likely to cause injury." *Fisher v. Harden*, 398 F.3d 837, 849 (6th Cir.2005).

Plaintiff's amended complaint recites nothing more than the threadbare elements of a failure-to-train claim. Plaintiff states only that the defendants "failed to investigate, correct, punish, prosecute, or otherwise perform their duties, including development and implementing adequate policies to prevent harm to citizens by a K-9 unit." (Am. Complaint at 41). Beyond his conclusory statement, plaintiff does not provide any factual support that the City of Lima ignored a history of its officers using police K-9s to attack subdued arrestees. Nor does plaintiff allege, much less support with factual allegations, that the City had a K-9 training program that authorized such egregious behavior.

Plaintiff's § 1983 claim against the city of Lima is therefore dismissed.

### 3. State Law Claims

In plaintiff's sixth cause of action, he brings negligence, battery, and assault claims against the City of Lima and Officers Garlock, Rader, Hart, and Kohli in their individual capacities. Defendants argue that Ohio's immunity statutes protect the City of Lima and the Officers from liability.

### A. City of Lima

Ohio Revised Code § 2744.02 sets the framework for determining when an Ohio political subdivision is immune from tort liability. The parties agree that the City of Lima is a political subdivision under O.R.C. § 2744.02(A)(1). "Ohio courts have consistently held that political subdivisions, particularly those acting in a governmental capacity, are exempt from intentional tort claims." *Woods v. Miamisburg City School.*, 254 F.Supp.2d 868, 880 (S.D.Ohio 2003) (compiling cases); O.R.C. § 2744.02(B).

To overcome the presumption of immunity under § 2744.02(A(1), a plaintiff must establish that one of the five statutory exceptions, listed in §§ 2744.02(B)(1)-(5), applies. Plaintiff has alleged only that the exception in O.R.C. § 2744.02(B)(4) applies. That subsection provides that political subdivisions are liable for an employee's negligence that occurs "within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function."

Plaintiff's use of this provision runs into two problems. First, he is not claiming that the harm he suffered stems from an employee's negligence with respect to physical defects on the grounds on which he was arrested. Rather, he claims his injury stems from Bailey's attack. Second, the injury occurred on a vacant lot the City of Lima happens to own; there are no facts suggesting, as the statute requires, that there were government buildings on the lot. Indeed, the fact that plaintiff refers to the lot as "vacant" belies that possibility.

Plaintiff cannot on the face of the pleadings prevail on this limited exception to the City's statutory immunity, and I must dismiss plaintiff's state law claim against the City of Lima.

### B. Officers Hart, Garlock, Rader, and Kohli

### 1) Assault and Battery

Officers, acting in their official capacity, are immune from liability unless they 1) commit acts manifestly outside the scope of their employment or official responsibilities, or 2) act with malicious purpose, in bad faith, or in a wanton or reckless manner. O.R.C. § 2744.03(A)(6)(a)-(b). When sued for assault and battery, an officer is only liable when he "uses more force than is necessary to make an arrest and protect himself from *injury*." *Ward v. Cnty. of Cuyahoga*, 721 F.Supp.2d 677, 694 (quoting *D'Agastino v. City of Warren*, 75 Fed.Appx. 990, 995 (6th Cir.2003)); *see also Schweder v. Baratko*, 103 Ohio App. 399, 403 (1957) ("Force when used lawfully in

making an arrest is in the exercise of a government function, and only in cases where excessive force is used, that is, force going clearly beyond that which is reasonably necessary to make the arrest, can such force be claimed an assault and battery by the person arrested.").

I have already found, with respect to Officer Kohli, that the complaint asserts a cognizable claim as to Officer Kohli's use of excessive force after he subdued plaintiff. Accordingly, I deny defendants' motion for judgment on the pleadings as to the assault and battery claims against Officer Kohli.

Conversely, for the same reasons justifying dismissal of plaintiff's § 1983 claims as to the other three officers, I grant their motion for judgment on the pleadings on plaintiff's assault and battery claims.

### 2) Negligence

Plaintiff's negligence claim against the officers fails as a matter of law because Ohio's immunity statute "does not exclude negligence from its scope." *Kaylor v. Rankin*, 356 F.Supp.2d 839, 856 (N.D.Ohio 2005). Accordingly, I grant defendants' motion for judgment on the pleadings as to plaintiff's negligence claim.

### Conclusion

For the foregoing reasons, it is hereby

ORDERED THAT defendants' motion for judgment on the pleadings (Doc. 22) be, and the same hereby is denied in part and granted in part.

So ordered.

/s/ James G. Carr

Sr. U.S. District Judge